**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Marcus Kwamena BENSON,**
**Defendant–Appellant.**

**No. 12–1314.**

United States Court of Appeals,
Eighth Circuit.

Submitted: Dec. 27, 2012.

Filed: Jan. 10, 2013.

David W. Fuller, Lolita A. Velazquez–Aguilu, U.S. Attorney's Office, Minneapolis, MN, for Plaintiff–Appellee.

Marcus Kwamena Benson, Sandstone, MN, pro se.

Frederick J. Goetz, Goetz & Eckland, Minneapolis, MN, for Defendant–Appellant.

Before WOLLMAN, MELLOY, and SHEPHERD, Circuit Judges.

PER CURIAM.

In 2009, a jury found Marcus Kwamena Benson guilty of bank-fraud conspiracy, in violation of 18 U.S.C. § 1349; nine counts of bank fraud, in violation of 18 U.S.C. §§ 1344 & 2; three counts of access-device fraud, in violation of 18 U.S.C. §§ 1029(a)(2) and 2; ten counts of aggravated identity theft, in violation of 18 U.S.C. §§ 1028A and 2; possession of doc-ument-making implements, in violation of 18 U.S.C. § 1028(a)(5); possession of un-authorized access devices, in violation of 18 U.S.C. § 1029(a)(3); and possession of de-vice-making equipment, in violation of 18 U.S.C. § 1029(a)(4). In 2012, the district court[1] sentenced Benson (who had ab-sconded after the verdict and was arrested in Ghana about two years later) to a total of 144 months in prison and 5 years of supervised release, and ordered restitution of $264,857.14, a portion of which was im-posed jointly and severally with others. On appeal, Benson's counsel has moved to withdraw and filed a brief under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), challenging the prison term as unreasonable.

Following careful review, we conclude that the district court did not commit sig-nificant procedural error or abuse its dis-cretion, and that the sentence was not substantively unreasonable. *See United States v. David,* 682 F.3d 1074, 1076–77 (8th Cir.2012) (standard of review). The district court sentenced Benson to 120 months in prison on most of the counts—a term within the Guidelines range of 108–135 months—and imposed a statutorily re-quired consecutive 2–year term for the aggravated-identity-theft counts. *See* 18 U.S.C. § 1028A(a); *United States v. Cook,* 698 F.3d 667, 670 (8th Cir.2012) (treating within-Guidelines-range sentence as pre-sumptively reasonable on appeal).

Having reviewed the record indepen-dently under *Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we have found no nonfrivolous issues. Ac-cordingly, we affirm the judgment of the district court, and we grant counsel's mo-tion to withdraw, subject to counsel in-forming appellant about procedures for

[1.] The Honorable David S. Doty, United States District Judge for the District of Minnesota.

seeking rehearing or filing a petition for certiorari.